IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OBIOMA EKEH | * |
| | * |
| v. | *   Civil No.  JKS 12-2450 |
| | * |
| MONTGOMERY COUNTY | * |
| | * |

**MEMORANDUM OPINION**

Plaintiff, Obioma Ekeh, brings this action against Defendant, Montgomery County (the County), claiming a violation of the overtime pay provision of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(2), and entitlement to unpaid overtime wages, liquidated damages, interest, attorneys' fees and costs.  ECF No. 7-4 at 1, 4-5.  Presently pending is the County's motion for summary judgment.  ECF No. 27.  The issues have been fully briefed and no hearing is necessary.  *See* Local Rule 105.6.  For the reasons set forth below, the motion will be denied.

**I.     Background.**

The following facts are either undisputed or recited in the light most favorable to Plaintiff.  During the relevant time period, Plaintiff worked as a supply technician for the County's Department of Corrections and Rehabilitation.  ECF No. 35-6 at 1, Plaintiff's Declaration.  On a typical workday, Plaintiff made two trips between Boyds, Maryland and Rockville, Maryland, transporting inmates' laundry, property, mail, medical records and other items.  *Id.* at 2.  From September 2000 to June 2010, Plaintiff's supervisor was Mr. Kurt Grant.  *Id.* at 1.  During this time, Plaintiff frequently worked more than eight hours per day to complete his job assignments and Mr. Grant routinely allowed Plaintiff to receive overtime pay.  *Id.*  In 2009, Plaintiff earned 179 hours of overtime pay.  *Id.* at 2.  In June 2010, Deputy Warden Chris Johnson replaced Mr. Grant as Plaintiff's supervisor.  *Id.*  Even though Plaintiff continued to work a similar schedule with a comparable amount of accrued overtime, Ms. Johnson did not

grant him overtime pay, claiming that he should be able to complete his tasks within eight hours each day. *Id.*

One day in September 2010, Ms. Johnson shadowed Plaintiff on his work route to monitor whether Plaintiff could legitimately perform his jobs duties within eight hours. *Id.* at 2. Plaintiff was not able to do so, and Ms. Johnson assured him that she would revise his work schedule, but this never happened.  Instead, Ms. Johnson continued to deny Plaintiff's requests for overtime hours, claiming that she needed to preapprove such claims and only did so if something unusual happened during the day. *Id.* at 3.  Plaintiff stopped attempting to record his overtime hours on his official time sheet because Ms. Johnson "would become angry with [him] if [he] did," routinely "disallow[ed] the time that [he] recorded on [his] time card," "attempt[ed] to intimidate [him] into working for free," and as a result, he became "concerned about [his] job security." *Id.* at 3, 13.  Instead, Plaintiff began to independently track his overtime hours by time stamping the final departure time from Boyds and final arrival time in Rockville on certain Inmate Property Transfer Sheets. *Id.* at 3.  Plaintiff claims that the County owes him for 132.5 hours of unpaid overtime for the period January 2012 to June 2012.

The County audited Plaintiff's payroll records from June 2010 to September 2012 and found that Plaintiff requested a total of 17 hours of overtime compensation on his official time card during this period, and that his supervisor denied him this overtime compensation. *Id.* at 13; ECF No. 27-1 at 3.  The County concedes for purposes of this motion that Plaintiff actually worked these 17 hours and, on August 23, 2013, the County paid Plaintiff $626.03 for this time. *Id.*

**II.     Standard of Review.**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "For purposes of summary judgment, a fact is material if, when applied to the substantive law, it affects the outcome of the litigation." *Nero v. Baltimore Cnty., MD*, 512 F. Supp. 2d 407, 409 (D. Md. 2007) (citing *Anderson*, 477 U.S. at 248). "Summary judgment is also appropriate when a party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Laura Campbell Trust v. John Hancock Life Ins. Co.*, 411 F. Supp. 2d 606, 609 (D. Md. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

A party opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact. *Anderson*, 477 U.S. at 248-49. "When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." *Bertrand v. Children's Home*, 489 F. Supp. 2d 516, 518 (D. Md. 2007) (citing Fed. R. Civ. P. 56(e)). "The facts, as well as the justifiable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party." *Id.* at 518-19 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "The court, however, cannot rely upon unsupported speculation and it has an affirmative obligation to prevent factually unsupported claims and defenses from

proceeding to trial." *Id.* at 519 (citing *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

**III. Discussion.**

    **A. The Parties' Contentions.**

The County argues that it is in full compliance with the FLSA because Plaintiff concedes that, from June 29, 2010 to September 21, 2012, he only logged 17 hours of overtime on his official time sheets and the County has compensated Plaintiff for these hours. Plaintiff agrees that the County eventually paid him for the 17 hours of overtime noted on his official time card (albeit a full year after Plaintiff filed this action), but argues that Defendant still owes him for 132.5 hours that he never claimed on his official time card.[1] ECF No. 35 at 9. Plaintiff asserts that because Johnson repeatedly instructed him that he could not claim more than 8 hours per day, he stopped claiming overtime on his time card and began tracking his overtime hours independently. ECF No. 35-6 at 3-4.

Plaintiff notes that his shift ended at 7:30 pm and his independent records indicate that he regularly worked until around 9:00 pm or later. ECF No. 35-6 at 5-11; ECF No. 35-2, Attachment B. Plaintiff also submits emails between Ms. Johnson and himself, chronicling his complaints to her about working overtime without appropriate compensation. *Id*. at Attachment C. Plaintiff contends that this additional overtime is compensable because the County knew or should have known that he was regularly working overtime hours. ECF No. 35 at 11.

In reply, the County reasserts that it is only required to compensate Plaintiff for overtime hours recorded pursuant to its official timekeeping system, and that in any event Plaintiff failed

---

[1] Moreover, Plaintiff is "still claiming liquidated damages for the County['s] failure to pay [him] that overtime . . . noted . . . on [his] time card." ECF No. 35-6 at 13.

to show that the County had knowledge of his alleged overtime hours and that he actually worked in excess of 40 hours per week.  ECF No. 39 at 4-9.

### B. Analysis.

The FLSA requires employers to compensate their employees "at a rate not less than one and one-half times the regular rate" for any hours worked in excess of forty per week.  29 U.S.C. § 207(a)(1); *Brown v. White's Ferry, Inc.*, 280 F.R.D. 238, 241 (D. Md. 2012).  "In order to be liable for overtime wages under the FLSA, an employer must have 'knowledge, either actual or constructive, of [that] overtime work.'"  *Bailey v. Cnty. of Georgetown*, 94 F.3d 152, 157 (4th Cir. 1996) (quoting *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir.1986)).  Where a plaintiff is seeking "to recover unpaid wages for overtime hours that were not recorded on [his] time sheets," the plaintiff is "required to prove that the County knew, either actually or constructively, that [he was] working unrecorded overtime hours."  *Id.*

The County's argument that Plaintiff cannot claim hours not recorded pursuant to its electronic computer system, ECF No. 39 at 1-2, can be quickly dismissed.  "Neither this court nor the Fourth Circuit . . . has held that an FLSA claimant may be estopped from pressing a claim to recover unpaid overtime compensation merely because the claimant did not comply with the employer's policies requiring regular reporting of overtime."  *Smith v. ABC Training Ctr. of Maryland, Inc.*, Case No. JFM 13-306, 2013 WL 3984630, at *9 (D. Md. Aug. 1, 2013).  Thus, summary judgment is not warranted simply because Plaintiff did not record all of his alleged overtime hours pursuant to the County's official time keeping system.  *See id*, at *10 ("This court therefore declines to hold that compliance with . . . internal reporting requirements was a *sine qua non* for plaintiffs' FLSA overtime claims"; "Plaintiffs need not allege or establish

compliance with . . . internal reporting requirements if they otherwise can prove that [the employer] had knowledge of their overtime.").

The County argues that *Smith* is distinguishable because there the Court denied summary judgment in part because Plaintiffs had not yet been afforded adequate discovery. *Id.* at *11. But the fact that discovery has been completed here does not alter the holding that a failure to comply with official reporting requirements does not, in and of itself, warrant summary judgment. *Id.* at *10.

The County also notes that Plaintiff in fact entered overtime into the official time keeping system. As noted in *Smith*, 2013 WL 3984630, at *10, the County may certainly offer these entries to rebut Plaintiff's claimed additional hours, but the fact that the County has evidence which contradicts Plaintiff's evidence does not entitle it to summary judgment.

The County also asserts that Plaintiff cannot show that it had actual or constructive knowledge of Plaintiff's overtime work. ECF No. 39 at 5. Plaintiff's evidence of the County's knowledge consists of Plaintiff's declaration[2] and emails exchanged between Plaintiff and Ms. Johnson.[3] The emails corroborate Plaintiff's claim that he regularly complained to Ms. Johnson

---

[2] The County asserts that the court should not consider Plaintiff's declaration because it is not signed as required by 28 U.S.C. 1746 and Fed. R. Civ. P. 56(c)(1)(a). ECF No. 39 at 2. In actuality, although the declaration filed on CM/ECF is missing the page with Plaintiff's signature, the hard copy of the declaration submitted to the court is properly executed by Plaintiff. Moreover, on the first page of the declaration, Plaintiff states that he "understand[s] the oath that I am taking to tell the truth under penalty of perjury," which is substantially similar to the language endorsed in 28 U.S.C. 1746, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." *See United States v. 8 Gilcrease Lane, Quincy Fla. 32351*, 587 F. Supp. 2d 133, 139 (D.D.C. 2008) ("[Section] 1746 states that a statement of verification only must be in 'substantially' the same form as the statement set forth in § 1746(2). Thus, the statement of verification need not be identical to the statutory language to suffice."). The court will not strike Plaintiff's declaration.

[3] The County argues that these emails are inadmissible hearsay because they are "all out of court statements written by Plaintiff which go to the truth of the matter asserted." ECF No. 39 at 4. As an initial matter, many of the emails are authored by Ms. Johnson, and are admissible as admissions of a party opponent. Fed. R. Evid. 801(d)(2)(D); *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 867 (S.D. Ohio 2005). The emails authored by Plaintiff, even if inadmissible to prove the truth of the matter asserted, are admissible for the limited purpose of showing that the County had notice of Plaintiff's claimed overtime hours. *See Escobedo v. Dynasty Insulation, Inc.*, 694 F. Supp. 2d 638, 645 (W.D. Tex. 2010) (concluding that the plaintiff's statement "serves the non-hearsay purpose of demonstrating that Ricardo Armendariz had notice that Plaintiffs were complaining about their lack of overtime compensation and that they were reporting work performed in excess of forty hours per week"); *Krieg v. Pell's, Inc.*, Case No. IP 00-1230, 2001 U.S. Dist. LEXIS 6769, at *11 n.5 (S.D. Ind. May 29, 2001) (noting that a statement "is not hearsay [when] it is not offered for the truth of the matter asserted, but rather to show that Pell had notice that its actions may be in violation of the FLSA"); *Lentz v. Hospitality Staffing Solutions, LLC*, Case No. WSD 6-1893, 2008 U.S. Dist. LEXIS 6291,

about having to work overtime to complete his assigned tasks.  On April 19, 2012, Ms. Johnson stated that overtime "must be pre-approved as we have gone over many times"; "[y]ou must increase your speed as you perform your daily schedule as we have discussed many times"; and "you continue to show me that you are not able to complete your day in [a] timely manner." ECF No. 35-4 at 8.  Again, on May 24, 2012, Ms. Johnson told Plaintiff that "[y]ou need to increase your speed, Mr. Ekeh, as I have documented in your Work Improvement Plan . . . Everything you have described to me is very normal in the course of your day.  These things just need to be done faster so that you can leave on time." *Id.* at 17.  On June 21, 2012, Ms. Johnson told Plaintiff "[a]s I have told you many, many times, you are going too slowly.  You need to increase your speed and complete your day on time.  You should be unloading your supplies by 4:00 at the very latest." *Id.* at 22.  These statements indicate that Ms. Johnson was aware that Plaintiff was working overtime hours.  In addition, Plaintiff states that after Ms. Johnson rode with him, she promised to make his schedule more realistic.  ECF No. 35-6 at 12.  Plaintiff has proffered evidence which would enable a factfinder to conclude that his supervisor knew that he was working overtime on a regular basis.

      The County further contends that it is entitled to summary judgment under *Lee v. Vance Executive Prot., Inc.*, 7 F. App'x 160 (4th Cir. 2001).  In *Lee*, the employer admitted that it did not keep proper records.  *Id.* at 165.  The Court noted that "[w]hen an employer's records are inadequate or inaccurate, an employee carries his burden under the law by (1) proving that he has in fact performed work for which he was improperly compensated, and (2) producing sufficient evidence to show the amount and extent of that work as a matter of just and reasonable

---

at *34 (N.D. Ga. Jan. 28, 2008) ("A statement is not hearsay if it is offered only to show what was said, rather than whether what was said is true.").

inference." *Id.* at 166 (citation and internal quotation marks omitted). The Court offered the following analysis of the plaintiffs' evidence:

> Though the Agents have easily satisfied the first prong of their burden by proving that they performed work for which they were not compensated, we agree with the district court that the Agents have not come forward with sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The bulk of the Agents' proof on the second prong concerns work done for demanding clients such as Princess Sarah of the Saudi royal family. Princess Sarah, for example, often asked the Agents to run errands for her after their shifts were scheduled to end. There is much general testimony about picking up gifts for Princess Sarah's children and paying her bills, but the record is bereft of evidence showing the amount or extent of this extra work. While we acknowledge that the Agents need not prove each hour of overtime work with unerring accuracy or certainty, enough evidence must be offered so that the court as a matter of just and reasonable inference may estimate the unrecorded hours. Because there is insufficient evidence to estimate the amount and extent of hours worked in excess of forty per week, we affirm the grant of summary judgment as to the unrecorded hours.

*Id.* (citations and quotations marks omitted).

Here, in contrast, Plaintiff proffers testimony and written records of his actual overtime hours. While the County disparages the records as "handwritten, unapproved, unauthorized, and self-generated," ECF No. 39 at 8, they are supplemented by Plaintiff's declaration and, to a lesser extent, by the sequence of emails between Plaintiff and Ms. Johnson.[4] Plaintiff's evidence, while certainly subject to dispute and not conclusive, sets forth specific facts from which a just and reasonable inference could be drawn.[5] Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587-88. *Lee* does not support an entry of summary judgment in the County's favor.

---

[4] The County also argues that "the Transfer Sheets should be excluded under the hearsay rule as they are prior statements of the Plaintiff offered to prove the truth of the matter asserted." ECF No. 39 at 3. It remains to be seen whether these documents will be admissible at trial under Rules 801 or 803, but the court need not consider the transfer sheets in resolving the County's summary judgment motion because Plaintiff sets out his overtime hours in his declaration and this is sufficient to make out a *prima facie* case of a violation of the FLSA. *See Smith v. ABC Training Ctr. of Maryland, Inc.*, Case No. JFM 13-306, 2013 WL 3984630, at *10 (D. Md. Aug. 1, 2013) (concluding that the plaintiffs' "affidavits attesting that they are owed overtime compensation" were "sufficient to survive defendants' motion for summary judgment").

[5] The County argues that when an FLSA plaintiff submits an affidavit, which constitutes the only evidence in the record to support a claim for overtime compensation, and is also contradicted by timesheets in the record, this affidavit only amounts to a scintilla of evidence. See *White v. Washington Gas*, Case No. DKC 3-3618, 2005 WL 544733, at *5 (D. Md. Mar. 4, 2005) ("'Plaintiff's affidavit contradicting his own contemporaneous correspondence is, it is believed, only a scintilla of proof on this

Finally, the County argues that Plaintiff has not sufficiently established that he worked more than 8 hours on any particular day. ECF No. 39 at 8. As stated by the County, "Plaintiff does not indicate whether he timely reported to work each day, how long of a lunch break he took, if he took time off for appointments, errands or additional meals or if he even worked every day within a particular workweek." *Id.* at 9. For his part, Plaintiff submits the time stamped transfer sheets and asserts that he maintained these records for any days in which he worked beyond his scheduled departure time of 7:30 pm, and that he "would normally work from 180 to 200 hours overtime each year." ECF No. 35 at 2, 4. Plaintiff also provides a daily account of his overtime hours in his declaration. ECF No. 35-6 at 5-11. This evidence is sufficient to enable a factfinder to determine the amount and extent of Plaintiff's unpaid overtime hours. The disputed details of Plaintiff's workday, and the precise number of hours Plaintiff worked, are factual issues for trial.

**IV.   Conclusion.**

The County's motion for summary judgment is denied.

Date: May 21, 2014                                              _____/S/_____
                                                                                JILLYN K. SCHULZE
                                                                                United States Magistrate Judge

---

issue, rendering summary judgment appropriate.'") (quoting *Bill Call Ford, Inc. v. Ford Motor Co.,* 830 F. Supp. 1045, 1050 (N.D.Ohio 1993)). Here, however, Plaintiff's declaration is not the only evidence. Plaintiff's claim that he worked more hours than he recorded on his official time sheets because Ms. Johnson "would disallow the time that [he] recorded on [his] time card" and "attempt[ed] to intimidate [him] into working for free," making Plaintiff "concerned about [his] job security," ECF No. 35-6 at 13, is partially supported by Ms. Johnson's emails.